# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **EDGAR CAMACHO TORRES,**<br>    Movant, | **CRIMINAL NO.**<br>**1:08-CR-0457-3-CAP-GGB** |
| v. | **CIVIL ACTION NO.**<br>**1:12-CV-01504-CAP-GGB** |
| **UNITED STATES OF AMERICA,**<br>    Respondent. | **MOTION TO VACATE**<br>**28 U.S.C. § 2255** |

## FINAL REPORT AND RECOMMENDATION

Edgar Camacho Torres ("Movant"or "Comacho-Torres") has filed a motion to vacate sentence under 28 U.S.C. § 2255 [Doc. 261]. Comacho-Torres seeks to challenge the constitutionality of his 235-month sentence that was imposed on March 22, 2010 [Doc. 192], following his guilty plea on March 17, 2010 [Doc. 190]. Presently before the Court for consideration are: (1) Comacho-Torres's § 2255 motion to vacate [Doc. 261]; (2) the United States of America's (hereinafter "Government") motion to dismiss, or in the alternative, opposition to Comacho-Torres's motion to vacate [Docs. 267, 268]; and (3) Comacho-Torres's reply to the Government's response [Doc. 271].

## I. BACKGROUND

Comacho-Torres was indicted by a grand jury in this district for (1) conspiracy to possess cocaine and methamphetamine with the intent to distribute, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 846 (Count One); and (2) conspiracy to launder money, in violation of Title 18, United States Code, Section 1956(h) (Count Seven). (Doc. 1).

Comacho-Torres was initially represented by retained attorney, John Lieb. While represented by Lieb, Comacho-Torres entered a negotiated plea of guilty to the drug trafficking charge. [Doc. 105]. Sentencing was set for September 15, 2009; however, Lieb inexplicably did not appear in court for the sentencing. [Doc. 141].

On October 2, 2009, the Court found that Lieb had abandoned Comacho-Torres. [Docs. 154, 155]. The Court appointed Attorney William Morrison as new counsel for Comacho-Torres and reset the sentencing for December 15, 2009. [Doc. 154]. However, on December 11, 2009, Attorney Michael Friedman filed a notice of appearance indicating that he had been retained to represent Comacho-Torres. [Doc. 164].

On December 15, 2009, the date set for sentencing, the Government expressed concern that Friedman had a potential conflict of interest because he had previously

2

represented another defendant in the case, Jose Benitez-Tornes.[1] [Doc. 167]. Friedman indicated that he would speak with both Benitez-Tornes and Comacho-Torres regarding his potential conflict of interest and, if both defendants were willing to waive any potential conflict, obtain written waivers. [Doc. 175]. In the meantime, the Court provisionally allowed Friedman to enter the case and review the presentence investigation report ("PSR") but did not relieve Morrison. [Doc. 167]. The Court also re-set the sentencing for February 18, 2010. [*Id.*].

Rather than sentencing Comacho-Torres on February 18, 2010, the Court held a hearing pursuant to Federal Rule of Criminal Procedure 44(c) and *United States v. Garcia*, 517 F.2d 272 (5th Cir. 1975) to inquire into any potential conflict of interest due to joint representation by Friedman. [Doc. 178]. The Court found that Comacho-Torres knowingly and intelligently waived any conflict that Friedman might have as a result of his prior representation of co-defendant Benitez-Tornes, dismissed Morrison from the case, and allowed Mr. Friedman to continue his representation. [*Id.*]. The Court re-set the sentencing for March 22, 2010.

---

[1] Benitez-Tornes pled guilty on December 16, 2008, and was sentenced on September 9, 2009. [Docs. 45, 131]

3

On March 5, 2010, Comacho-Torres filed an unopposed motion to withdraw his previously-entered guilty plea. [Doc. 186]. At a hearing on March 17, 2010, the Court granted Comacho-Torres's request to withdraw his previous guilty plea. [Docs. 188-189; Doc. 196 at 2]. Comacho-Torres then entered a new negotiated plea of guilty. [Docs. 190-1; 196]. The new plea agreement granted Comacho-Torres a benefit that was not in the previous plea agreement: the Government's agreement to recommend the third-level reduction for acceptance of responsibility. [*Compare* Doc. 190-1, ¶ 12 *with* Doc. 105-2, ¶ 12].

Comacho-Torres's plea agreement included a waiver of his right to collaterally attack his conviction and sentence. [Doc. 190-1 at ¶ 16]. The waiver stated:

> To the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal the conviction, sentence, and any forfeiture and the right to collaterally attack his conviction, sentence, and any forfeiture in any post-conviction proceeding, including a § 2255, on any ground, except that the defendant may file a direct appeal of a sentence higher than the otherwise applicable advisory sentencing guideline range. The defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government appeals the sentence imposed, the defendant may file a cross-appeal regarding his sentence.

[*Id.*].

In the Plea Agreement, Comacho-Torres acknowledged in writing that he read the agreement and "carefully reviewed every part of it with [his] attorney." [*Id.* at 10].

4

Comacho-Torres also acknowledged that the waiver would prevent him from "challenging [his] sentence in any post-conviction proceeding." [*Id.*].

In her summary of the plea agreement, the prosecutor stated that Paragraph 16 of the agreement was a waiver of appeal and collateral attack. The prosecutor explained that Comacho-Torres was agreeing to waive his right to collaterally attack his conviction and sentence. [Doc. 196 at 12-13]. The Court also told Comacho-Torres that he was waiving his right to collaterally attack his sentence in any post conviction proceeding such as a habeas corpus petition, and Comacho-Torres said that he understood. [*Id.* at 23].

During the plea colloquy, the Court asked Comacho-Torres several questions to ensure that his guilty plea was knowing and voluntary. [Doc. 196 at 7, 14-15]. Comacho-Torres stated under oath that he had sufficient time to think about the plea and to discuss it with Friedman, his attorney. [*Id.* at 25]. He also stated that he was fully satisfied with Friedman's advice, representation, and counsel. [*Id.*]. He stated that he knew of no reason why the Court should not accept his guilty plea. [*Id.*]. The Court found that Comacho-Torres's plea was made knowingly and voluntarily, and accepted the guilty plea. [*Id.* at 25-26].

5

Comacho-Torres's sentencing hearing was held on March 22, 2010. [Doc. 197]. The Court adopted those facts in the PSR to which there were no objections. [*Id.* at 2]. The PSR recommended that Comacho-Torres receive a three-point enhancement for his role in the offense as a manager or supervisor. [PSR at ¶ 46]. Comacho-Torres's counsel objected to that enhancement. [Doc. 197 at 3-21, 26-30]. After hearing argument from the parties, the Court found by a preponderance of the evidence that Comacho-Torres was a manager or supervisor in a conspiracy involving at least five individuals, and thus deserving of the enhancement. [*Id.* at 30-31]. The Court then found that Comacho-Torres's offense level was 38 and his criminal history category was I, resulting in an advisory guideline range of 235-293 months. [*Id.* at 32]. After considering the parties' further arguments, the Court sentenced Comacho-Torres to 235 months of incarceration. [*Id.* at 41].

Comacho-Torres timely filed a notice of appeal on April 5, 2010. [Doc. 199]. Friedman was allowed to withdraw and the United States Court of Appeals for the Eleventh Circuit appointed E. Vaughn Dunnigan to represent Comacho-Torres on appeal. [Doc. 226]. On appeal, Camacho Torres argued that the district court had clearly erred in enhancing his sentence based on his managerial role in the offense pursuant to U.S.S.G. § 3B1.1(b). On July 6, 2011, the Eleventh Circuit rejected this

6

argument and affirmed Comacho-Torres's conviction and sentence. [Doc. 245]. Comacho-Torres timely filed the instant § 2255 motion on April 24, 2012. [Doc. 261].

Additional facts are discussed in context below.

## II. **DISCUSSION**

Comacho-Torres asserts three claims of ineffective assistance of counsel: (1) failure to move to dismiss the indictment based on its filing in chambers (Ground One); (2) failure to "investigate, explore, or attempt to negotiate a favorable plea," including failing to negotiate a binding plea (Ground Two); and (3) cumulative failures based on counsel's alleged: failure to move to dismiss the indictment, failure to advise Comacho-Torres of all facts and law relevant to his decision to plead guilty and failure to pursue a favorable plea agreement, failure to file a motion to suppress, failure to investigate or present evidence and arguments at sentencing, failure to present the strongest issues on appeal, and laboring under a conflict of interest (Ground Three). [Docs. 261 at 3-6; 261-1 at 25-26]. Comacho-Torres also attacks his conviction and sentence based on numerous constitutional challenges (Ground Four). [Doc. 261 at 8-9].

AO 72A
(Rev.8/82)

### A. **Ground One**

In Ground One, Comacho-Torres alleges that his attorney was ineffective because he did not move to dismiss the indictment on the ground that the record failed to demonstrate that the indictment was returned in open court. Rule 6(f) of the Federal Rules of Criminal Procedure requires that indictments be returned in open court. Comacho-Torres assumes that because the indictment was stamped "Filed in Chambers" that it was not returned in open court.

As an initial matter I note that the stamp "Filed in Chambers" does not indicate that an indictment was not *returned* to a magistrate judge in open court. The minute sheet that the Government filed as an exhibit to its response shows that the indictment in this case was in fact returned in open court. [Doc. 267-1 at 2].

In any event, by pleading guilty, Comacho-Torres waived any argument that the indictment was not returned in open court. Failure to return an indictment in open court as required by Rule 6(f) is a non-jurisdictional, procedural defect and a guilty plea waives such defects. *See United States v. Clarkson*, 321 F. App'x 534, 535 (8th Cir. 2009).

Furthermore, Comacho-Torres waived his right to collaterally attack his conviction in his plea agreement. A collateral attack waiver is enforceable if the Court

8

discussed the waiver provision with the defendant during the plea colloquy, or if it is manifestly clear from the record that the defendant understood the full significance of the collateral attack waiver. *See United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993) (discussing appeal waivers).

Here, it is manifestly clear from the record that Comacho-Torres understood the full significance of the collateral attack waiver. The plea agreement advised him that he was waiving his right to collaterally attack his conviction and sentence. Comacho-Torres acknowledged that he had read and discussed the plea agreement with his attorney. Further, at the plea colloquy, the Government attorney recited the waiver in the plea agreement, and Comacho-Torres acknowledged that he understood the waiver. Although, as the Government points out, the Court's colloquy and the "Certification" on page 10 of the plea agreement referred only to a waiver of a post-conviction attack on the *sentence*, the record as a whole establishes that Comacho-Torres understood that his waiver prohibited a collateral challenge to both his sentence and conviction.

Finally, Comacho-Torres cannot show prejudice from his attorney's failure to file a motion to dismiss because, even if the indictment had not been returned in open court, dismissal is not an appropriate remedy. *See United States v. Lennick*, 18 F.3d 814, 818 (9th Cir. 1994) (finding that dismissal of indictment "appropriate only 'if it is established

9

that the violation substantially influenced the grand jury's decision to indict,' or if there is 'grave doubt' that the decision to indict was free from the substantial influence of such violations") (quoting *Bank of Nova Scotia v. United States*, 487 U.S. 250, 256, 108 S. Ct. 2369, 2374 (1988)).

**B.     Ground Two**

In his second ground, Comacho-Torres alleges that his attorney was ineffective in his failure to "investigate, explore, or attempt to negotiate a favorable plea," including failure to negotiate a binding plea.

While a waiver such as the one in Comacho-Torres's plea agreement does not preclude a collateral attack on the validity of the plea or the waiver, Comacho-Torres is challenging the investigation and negotiations that led up to the plea, not the validity of the plea or the waiver. For reasons discussed above with respect to Ground One, Comacho-Torres's plea agreement waiver precludes such a collateral attack. *See Bushert, supra. See also Williams v. United States*, 396 F.3d 1340, 1342 n.2 (11th Cir. 2005) (noting difference between § 2255 claim of ineffective assistance in entering or negotiating plea versus claim challenging the validity of plea).

In any event, Comacho-Torres fails to show any basis for his contention that his attorney could have negotiated a more favorable plea agreement. Comacho-Torres's

10

unsupported and conclusory allegations are insufficient to support his motion or require a hearing. *See United States v. Jones*, 614 F.2d 80, 82 (5th Cir. 1980) (affirming district court's finding that a § 2255 movant was not entitled to hearing when his motion was based on conclusory and unsupported allegations).

**C.     Ground Three**

In his third ground, Comacho-Torres claims that his attorneys were ineffective based on an accumulation of errors. He identifies the following alleged errors by his attorneys: (1) failing to move to dismiss the indictment for failing to be returned in open court; (2) failing to negotiate a more favorable plea; (3) failing to "timely, properly, and effectively pursue his motion for suppression of evidence;" (4) failing to investigate or present evidence material to Defendant's sentencing; (5) failing to investigate or present the strongest arguments on appeal; and (6) laboring under a conflict of interest. [Doc. 261 at 13-15].

As discussed above, Comacho-Torres's first two claims of ineffective assistance are without merit. Likewise, his remaining claims of ineffective assistance lack merit.

Comacho-Torres complains that his attorney failed to timely and effectively pursue his motion for suppression of evidence. However, Comacho-Torres's motion does not identify what evidence could have been suppressed, and on what basis any

11

evidence should have been suppressed. Comacho-Torres's unsupported conclusory allegations do not warrant a hearing. Also, as with Comacho-Torres's other claims of ineffective assistance, this claim was waived in his negotiated plea agreement.

Next, Comacho-Torres asserts that his attorney failed to present available evidence and legal authority at his sentencing, and failed to object to false and unreliable evidence at the sentencing. Again, Comacho-Torres fails to present any explanation or support for this allegation, and he waived any such claim in his plea agreement.

Comacho-Torres makes similar allegations about his appellate attorney. He contends that his appellate counsel failed to investigate or present the strongest issues on appeal. Comacho-Torres's appellate counsel argued on appeal the only contested issue at sentencing: the enhancement for Comacho-Torres's role in the offense.[2] Comacho-Torres fails to identify what other issues appellate counsel should have raised, or how raising other issues would have resulted in a different outcome. Thus, this argument is without merit.

Next, Comacho-Torres contends that his trial attorney was ineffective because he had a conflict of interest due to his prior representation of a co-defendant. This

---

[2]As discussed above, Comacho-Torres's plea contained an appellate waiver. However, the Eleventh Circuit permitted Comacho-Torres to appeal his sentence. [Doc. 267-5].

12

argument fails because the court informed Comacho-Torres that his attorney previously represented a co-defendant, Jose Luis Benitez-Tornes, and Comacho-Torres waived any potential conflict of interest.

At the hearing on February 18, 2010, both Comacho-Torres and Benitez-Tornes were present and placed under oath. [Doc. 272 at 4]. The Court thoroughly explained to both of them that there is always a potential conflict of interest when one attorney represents two defendants in the same case. [*Id.* at 8-9]. The Court gave several examples of ways in which dual representation might work to the disadvantage of a defendant. [*Id.* at 9-11]. The Court also explained that the defendants should not be concerned with financial considerations. [*Id.* at 11]. The Court offered to appoint an independent lawyer to consult with Comacho-Torres in private for him to confidentially discuss whether he should proceed with Friedman as his counsel or have new counsel. [*Id.*]. Comacho-Torres declined to meet with independent counsel and stated that he wished for Friedman to represent him. [Doc. 272 at 12-13]. Comacho-Torres also declined the Court's offer to meet with the Court in private to discuss the matter outside the presence of Friedman and Benitez-Tornes. [*Id.* at 13]. The Court told Comacho-Torres that if he continued to be represented by Friedman, he could not later complain in the future if he was convicted and believed that his conviction was invalid or his

13

sentence was too high because Friedman represented another defendant in the same case. [*Id.* at 14]. Comacho-Torres said that he understood. [*Id.*]. The Court found that Comacho-Torres knowingly, voluntarily and intelligently waived any conflict of interest by Friedman as a result of Friedman's representation of Benitez-Tornes. [*Id.* at 27]. Because the record shows that Comacho-Torres was aware of the conflict of interest, realized the conflict could affect his defense, and knew of his right to obtain other counsel, he cannot now complain that he was denied effective counsel due to his attorney's joint representation. *See United States v. Simms*, 143 F. App'x 210, 216 (11th Cir. 2005).

### D. Ground Four

Finally, Comacho-Torres makes a general claim that his conviction and sentence violated the First, Second, Fourth, Fifth, Sixth and Eighth Amendments to the Constitution. [Doc. 261 at 8]. This claim fails because it does not set forth any supporting facts. Even if he had set forth facts, this claim was waived in his plea agreement as discussed above.

14

## III. CERTIFICATE OF APPEALABILITY

According to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. §2253(c)(2), a certificate of appealability shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Comacho-Torres has failed to make a substantial showing of the denial of a constitutional right. Also, Comacho-Torres waived his right to collaterally attack his conviction and sentence. Accordingly, **I RECOMMEND** that a certificate of appealability be **DENIED**.

## IV. CONCLUSION

Based on the foregoing, **I RECOMMEND** that the Government's motion to dismiss [Doc. 268] be **GRANTED** and that Comacho-Torres's motion to vacate sentence [Doc. 261] be **DENIED.**

15

**IT IS FURTHER RECOMMENDED** that a certificate of appealability be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to me.

**IT IS SO RECOMMENDED**, this 15th day of January, 2013.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

16